# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LEROY STEWART,**

    **Plaintiff,**

**v.**                                                            **Case No:   6:19-cv-413-Orl-LRH**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION[1]

Leroy Stewart ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for Supplemental Security Income ("SSI") and disability insurance benefits. Doc. No. 1. Claimant raises one argument challenging the Commissioner's final decision, and, based on that argument, requests that the matter be reversed and remanded for further administrative proceedings. Doc. No. 20, at 8, 19. The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed. *Id.* at 19. For the reasons stated herein, the Commissioner's final decision is **AFFIRMED**.

**I.  PROCEDURAL HISTORY.**

On August 21, 2015, Claimant filed applications for SSI and disability insurance benefits, alleging a disability onset date of August 20, 2015. R. 186–203. Claimant's applications were denied initially and on reconsideration, and he requested a hearing before an ALJ. R. 108, 113,

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Doc. Nos. 15, 18–19.

119, 125, 130. On January 24, 2018, a hearing was held before the ALJ, at which Claimant was represented by an attorney. R. 34–53. Claimant and a vocational expert ("VE") testified at the hearing. *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled. R. 15–27. Claimant sought review of the ALJ's decision by the Appeals Council. R. 184. On January 4, 2019, the Appeals Council denied the request for review. R. 1–6. Claimant now seeks review of the final decision of the Commissioner by this Court. Doc. No. 1.

## II. THE ALJ'S DECISION.[2]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a), 416.920(a). R. 15–27.[3] The ALJ found that Claimant met the insured status requirements of the Social Security Act through December 31, 2020. R. 17. The ALJ concluded that Claimant had not engaged in substantial gainful activity from the alleged disability onset date of August 20, 2015. *Id.* The ALJ found that Claimant suffered from the following severe impairments: chronic kidney disease, stage II, mild, with 2013 kidney transplant; essential hypertension; and GERD (gastroesophageal reflux disease). *Id.* The ALJ

---

[2] Upon a review of the record, I find that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum. Doc. No. 20. Accordingly, I adopt those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  R. 20–21.

Based on a review of the record, the ALJ found, through the date of last insured, that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations, in that Claimant could lift and carry, push and pull 20 pounds occasionally, and 10 pounds frequently, and with normal breaks in an eight-hour workday, Claimant could sit for six hours, and stand and/or walk for six hours.  R. 21.[4]  After considering the record evidence, Claimant's RFC, and the testimony of the VE, the ALJ found that Claimant was capable of performing past relevant work as a surveyor, which the ALJ found did not require performance of work-related activities precluded by Claimant's RFC.  R. 25.  Alternatively, considering Claimant's age, education, work experience, and RFC, the ALJ concluded that there were other jobs existing in significant numbers in the national economy that Claimant could perform, representative occupations which would include production assembler; office helper; and furniture rental clerk. R. 26.  Accordingly, the ALJ concluded that Claimant was not disabled from the alleged disability onset date through the date of last insured.  R. 26, 27.

### III. STANDARD OF REVIEW.

Because Claimant has exhausted his administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference

---

[4] The social security regulations define light work to include:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b), 416.967(b).

in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.   ANALYSIS.**

In the Joint Memorandum, which I have reviewed, Claimant raises one assignment of error: the ALJ erred in failing to provide a sufficient explanation for giving little weight to the opinion of Plaintiff's treating nephrologist, Uday Ranjit, M.D. Doc. No. 20, at 8. Accordingly, this is the only issue that I address.

In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ must consider a number of factors when weighing medical opinions, including: (1) whether the physician examined the claimant; (2) the length,

nature, and extent of the physician's relationship with the claimant; (3) the medical evidence supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. *Id.* §§ 404.1527(c), 416.927(c). "These factors apply to both examining and non-examining physicians." *Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, 832 (11th Cir. 2017) (citing 20 C.F.R. §§ 404.1527(e), 416.927(e)).[5]

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *See* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: (1) the treating physician's opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179 (citing *Phillips*, 357 F.3d at 1241).

Dr. Ranjit is Claimant's treating nephrologist, who has been treating Claimant since at least March 2012. *See* R. 365–70, 374–95, 453–81, 510–20. On October 10, 2017, Dr. Ranjit completed a "Medical Statement Regarding Chronic Renal Disease for Social Security Disability Claim" ("Medical Statement") and a "Physical Residual Functional Capacity Questionnaire" ("RFC Questionnaire") as it relates to Claimant. R. 482–83, 484–86. In the Medical Statement, Dr. Ranjit indicated that Claimant suffered from lassitude; fatigue; abdominal pain; muscle cramps; nausea; and vomiting; and that Claimant suffered from stage 2 mild chronic kidney disease. R. 482–83. Dr. Ranjit indicated on the Medical Statement that Claimant could stand for 60 minutes

---

[5] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

at a time; sit for 60 minutes at a time; work for 4 hours total per day; and lift 20 pounds on an occasional or frequent basis. R. 483.

In the RFC Questionnaire, Dr. Ranjit opined that Claimant's prognosis was "good." R. 484. Dr. Ranjit stated that Claimant had symptoms of fatigue and muscle cramps as well as muscle/abdominal pain and hypertension. *Id.* Dr. Ranjit identified Claimant as "stable," but indicated that Claimant suffers from nausea/drowsiness as a side effect of his medication. *Id.* Dr. Ranjit opined that Claimant's pain and other symptoms were often severe enough to interfere with his concentration and attention, and that Claimant was capable of performing only low stress jobs due to his hypertension. R. 485. Dr. Ranjit further opined that if Claimant were placed in a competitive work situation, he would have the following limitations: he could only walk 1 to 2 city blocks without resting or severe pain; he could only sit for 2 hours at one time; he could only stand for 2 hours at one time; he could only sit/stand/walk for about 4 hours total in an 8-hour workday; Claimant must walk around approximately every 30 minutes for 10 minutes at a time; he would need to shift positions from sitting, standing, or walking at will; he would require unscheduled breaks every 1 to 2 hours on an average of 10 to 15 minutes; and he would need to elevate his legs 1 to 2 hours during an 8-hour work day. R. 485–86. Dr. Ranjit opined that Claimant could occasionally lift up to 10 pounds but never lift 20 pounds or more. R. 486. Dr. Ranjit further opined that Claimant could occasionally twist, stoop (bend), climb ladders or stairs, but he could rarely crouch. R. 487.

In the decision, the ALJ reviewed Dr. Ranjit's findings and opinions in the Medical Statement and RFC Questionnaire. R. 23. The ALJ assigned "little weight" to Dr. Ranjit's opinions, finding as follows:

> As for the specialization of the treating source, Dr. Ranjit appears to be a medical doctor specializing in nephrology. As to the length of the treatment relationship and

> the frequency of examination, Dr. Ranjit treated the claimant from March 26, 2012 through October 20, 2017.   As to the nature and extent of the treatment relationship, Dr. Ranjit was the claimant's nephrologist for kidney disease and kidney transplant issues.
>
> As to the supportability of Dr. Ranjit's opinions and consistency of the opinions with the record as a whole, they are not fully supportable for the following reasons:
>
> - On both opinions, Dr. Ranjit used a check the box, short answer format, with no narrative showing treatment visit complaints, examination results or radiological testing to explain and substantiate his opinion.
>
> - Dr. Ranjit's opinion as to how much the claimant can lift and carry in each of the forms he filled out is inconsistent.  In the Statement Regarding Chronic Renal Disease, he opined that the claimant could lift 20 pounds occasionally and frequently (Exhibit 9F, page 2).  On the same day in the Physical Residual Functional Capacity Questionnaire, he opined that the claimant can lift less than 10 pounds and 10 pounds occasionally (Id., at page 5).
>
> Dr. Ranjit's opinions are inconsistent with his own treatment notes, which show essentially normal objective examination results:
>
> - On May 8, 2015, Dr. Ranjit wrote in his treatment notes that overall the claimant was doing extremely well.  He was to see the claimant back in six months (Exhibit 8F, at page 11).
>
> - On August 19, 2015, the day before the claimant's alleged onset date, Dr. Ranjit wrote in his treatment notes that overall the claimant was stable.   He was to see the claimant back in six months (Id. at page 6).
>
> - On December 1, 2015, Dr. Ranjit wrote that the claimant's renal functions were excellent.  He only had some pain over the site where he was recently operated on for a right inguinal hernia (Id. at page 3).
>
> - On December 14, 2016, Dr. Ranjit wrote in his treatment note that the claimant was doing extremely well.  Urine and physical examination were normal.  He was to see the claimant back in six months (Exhibit 1 lF, page 5).
>
> - On June 14, 2017, Dr. Ranjit wrote that the physical examination was normal except for right inguinal hernia, which is a direct hernia.   Urine examination was benign.   He was to see the claimant back in six months (Id. at page 1 ).

R. 23–24.

Thus, the ALJ gave the opinions of Dr. Ranjit little weight for the following reasons: (1) the opinions were conclusory; (2) the opinions were internally inconsistent; and (3) the opinions were inconsistent with Dr. Ranjit's own treatment notes. Each of these reasons, if supported by substantial evidence, would constitute good cause for giving less than controlling weight to the opinion of a treating physician. *See Winschel*, 631 F.3d at 1179 (citing *Phillips*, 357 F.3d at 1241). Claimant argues, however, that each of these reasons is not supported by substantial evidence. Accordingly, each of the ALJ's reasons for providing little weight to the opinions of Dr. Ranjit will be addressed in turn.

The ALJ first found that Dr. Ranjit's opinions were essentially conclusory because he used check-the-box forms and did not substantiate his opinions with a narrative nor examination or testing results. R. 23. Claimant argues that "Dr. Ranjit did more than merely check boxes on a form," because he "listed specific diagnoses . . . and he explained that those impairments cause specific symptoms." Doc. No. 20, at 10. Claimant also argues that it was unnecessary for Dr. Ranjit to include medical records supporting his opinions because "the doctor had already provided all of his treatment notes to the Social Security Administration," which are included as part of the administrative record. *Id.* at 10–11.

As the Commissioner argues, however, the opinions on the RFC Questionnaire and Medical Statement are in large part conclusory "check the box" answers, in short answer format, with no accompanying narrative explanation. R. 482–83, 484–86. Courts have found that such conclusory forms are "weak evidence at best." *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."); *see also Hammersley v. Astrue*, No. 5:08-cv-245-Oc-10GRJ, 2009 WL 3053707, *6 (M.D. Fla. Sept. 18, 2009) ("[C]ourts have found that check-off forms . . . have limited

probative value because they are conclusory and provide little narrative or insight into the reasons behind the conclusions."); *Chaney-Everett v. Astrue*, 839 F. Supp. 2d 1291, 1304 (S.D. Fla. 2012) (finding medical opinion "warranted discounted weight because it consists entirely of fill-in-the-blank and check-box answers, and it is not accompanied by any thoroughly written report, citation to treatment notes, or substantive explanation"). Accordingly, I find no error in the ALJ noting that Dr. Ranjit's opinions on the RFC Questionnaire and Medical Statement were conclusory. And, even if it were error, as discussed below, the remainder of the reasons cited by the ALJ for discounting the opinions of Dr. Ranjit are supported by substantial evidence.

The ALJ's second reason for discounting the opinions of Dr. Ranjit was that his opinions were internally inconsistent, specifically with regard to Claimant's lifting and carrying restrictions. R. 23. Claimant argues that these inconsistencies were "not particularly material because both of Dr. Ranjit's opinions show that [Claimant] is effectively unemployable," and thus any inconsistency was not significant. Doc. No. 20, at 11. Claimant cites no authority to support his position, which I find unpersuasive. The standard is whether the ALJ stated good cause for discounting the opinion of a treating physician. *See Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). As the ALJ found, on the Medical Statement, Dr. Ranjit opined that Plaintiff could lift twenty pounds both occasionally and frequently, but on the RFC Questionnaire, completed the same day, Dr. Ranjit opined Plaintiff could never lift twenty pounds and could only occasionally lift ten pounds or less. C*ompare R.* 483, *with R.* 486. These opinions are indeed inconsistent. Thus, the ALJ's determination that Dr. Ranjit's opinions are internally inconsistent is supported by substantial evidence and provides good cause for giving less weight to Dr. Ranjit's opinions. *See, e.g.*, *Hacia v. Comm'r of Soc. Sec.*, 601 F. App'x 783, 785 (11th Cir. 2015).

The ALJ's final reason for discounting the opinions of Dr. Ranjit was that the opinions were inconsistent with Dr. Ranjit's own treatment notes. R. 24. Claimant contends that the ALJ's finding that Dr. Ranjit's opinions were inconsistent with his treatment notes "misses the point of Dr. Ranjit's assessment." Doc. No. 20, at 12. Specifically, Claimant argues that Dr. Ranjit did not find that Claimant was unable to work due to specific physical abnormalities, but rather that his chronic kidney disease causes symptoms that "cannot be measured based on objective medical findings alone." *Id.* Therefore, Claimant argues that the ALJ failed to consider subjective evidence regarding Claimant's pain and fatigue. *Id.*

Claimant does not point to anything in Dr. Ranjit's treatment notes that is consistent with the Medical Statement or RFC Questionnaire, nor anything to discount the ALJ's finding that the Medical Statement and RFC Questionnaire are inconsistent with Dr. Ranjit's treatment notes. And, the records cited by the ALJ support the ALJ's assessment that Dr. Ranjit's opinions were inconsistent with his treatment notes, in that Dr. Ranjit's treatment records overall demonstrated normal objective examination results. *See* R. 365–70, 374–95, 453–81, 510–20. Further, as the Commissioner argues, Claimant's attempt to tie Dr. Ranjit's opinion to a finding that Claimant suffered from fatigue, muscle cramps, or abdominal pain is unavailing, given that Dr. Ranjit's treatment notes state that Claimant denied these symptoms. *See* R. 366 (denying abdominal pain, cramps, and fatigue); R. 375 (same); R. 378 (same); R. 383 (same); R. 386 (same); R. 389 (same); R. 455 (same); R. 459 (same); R. 462 (same); R. 467 (same); R. 470 (same); R. 473 (same); R. 511 (same); R. 514 (same). Dr. Ranjit otherwise provides no support in the Medical Statement or RFC Questionnaire for his findings that Claimant suffers from fatigue, muscle cramps, or abdominal pain or how those symptoms impact Claimant's ability to work.

Finally, inasmuch as Claimant argues that the ALJ was required to consider his subjective complaints, such as fatigue, by pointing to his own statements in his function report to ostensibly support Dr. Ranjit's findings, *see* R. 261–68, there is no indication in the Medical Statement or RFC Questionnaire that Dr. Ranjit based his opinions on Claimant's function report.  And, as the Commissioner argues, the ALJ found that Claimant's statements concerning the intensity, persistence, and limiting effects of his alleged symptoms were not entirely consistent with the evidence of record.  R. 22.  Claimant does not challenge this credibility determination in the joint memorandum, and therefore, has waived any argument that the ALJ erred in this regard.  *Cf. Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (refusing to consider an argument that the claimant failed to raise before the district court).

In sum, the ALJ stated good cause to assign little weight to Dr. Ranjit's opinions.  The reasons provided by the ALJ for giving little weight to Dr. Ranjit's opinions, as discussed above, are supported by substantial evidence, and, together, support the ALJ's decision to assign little weight to Dr. Ranjit's opinions.  For these reasons, I find Claimant's sole assignment of error unpersuasive.

## V. CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on June 15, 2020.

*/s/ Leslie R. Hoffman*
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record